UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| TADEUSZ WYRZYKOWSKI, | No. C 14-03825 LB |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND ALLOWING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT** |
| v. | |
| COUNTY OF MARIN, et al., | [Re: ECF Nos. 19, 33**]** |
| Defendants. | |
| _____/ | |

**INTRODUCTION**

Plaintiff Tadeusz Wyrzykowski, who is proceeding *pro se*, sued four Defendants: (1) the County of Marin; (2) the County of Marin Board of Supervisors; (3) Roy Given; and (4) Liz Clark. (First Amended Complaint, ECF No. 8.[1]) The gist of his allegations is that Defendants improperly seek taxes from him with respect to a property he owns. Defendants move to dismiss Plaintiff's First Amended Complaint. (Motion to Dismiss, ECF No. 19.) Plaintiff ostensibly opposes that motion, but he also moves for leave to file a second amended complaint. (Motion to Amend, ECF No. 33; Opposition to Motion to Dismiss, ECF No. 37.) Pursuant to Civil Local Rule 7-1(b), the court finds

---

[1] Record citations are to documents in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

ORDER
C 14-03825 LB

this matter suitable for determination without oral argument and vacates the March 26, 2015 hearing.  Upon consideration of the papers submitted and the applicable legal authority, the court grants Defendants' motion and allows Plaintiff leave to file a second amended complaint.

**STATEMENT**

**I. PLAINTIFF'S ALLEGATIONS**

Plaintiff's allegations are difficult to understand, but it appears that he alleges that he is the owner of two properties—"Property #01" and "Property #28"— and that Defendants improperly assessed penalties and interest for his failure to pay taxes on those Properties.  (*See* First Amended Complaint ¶¶ 7-14.)  This action, however, is about Property #01.  (*Id.* ¶ 7.)  He alleges that Defendants have improperly labeled the properties as "delinquent" since 2002, deprived him of due process of law and equal protection under the law, violated his civil rights, engaged in racketeering and fraud, and intentionally inflicted emotional distress.  (*See id.* ¶¶ 33-80.)

Plaintiff alleges that the unlawful conduct began on April 1, 2002, "upon my asking the tax office to[] please check some facts/figures re[:] town folks' properties."  (*Id.* ¶ 10.)  Plaintiff believed that "the taxman was auctioning on false 'delinquency,' rendering people homeless . . . ."  (*Id.* (ellipses in original).)  Defendants then "discriminated, insulted . . . me, labeled for retaliation . . . for daring to, asking in the name of the greater public good. . . ."  (*Id.* (ellipses in original).)  Four days later, on April 4, 2002, Defendants "embezzled my tax payments and labeled my [P]roperty #28 'delinquent,' set it up for auction . . . & continue oppressing, defrauding [until] present, 2014/15," setting me up for another decade of oppression and fraud, now on 'delinquent [P]rop[erty] #01."  (*Id.* (ellipses in original).)

Over five years later, on June 22, 2007, Defendants "induced me [i]nto a fraudulent 'contract' IP, to pay again on a paid bill.  (*Id.* ¶ 11.)  He "asked the [B]oard of Supervisors fo[r] help, [but] they sheltered, accomplised [sic] the abusers . . . ."  (*Id.* (ellipses in original).)

Over three years after that, on December 20, 2010, non-party Michael Smith and Defendant Given "assaulted me for filing an Adm. Claim . . . ."  (*Id.* (ellipses in original).)  Three days later, on December 23, 2010, "I sought help from the Supes.  Instead [of getting] help, I got battered, at the Board chamber . . . ."  (*Id.* (ellipses in original).)

1    On January 4, 2011, Defendant Given "ordered me to report to him . . . despite the fact that
2 [other individuals] were the legal Directors of the tax offices . . . ." (*Id.* (ellipses in original).)  "At
3 that time the undue/untrue payments on the fraudulent contract were ending, freeing me from the
4 oppression, retaliation, fraud, abuses, usurpations . . . ." (*Id.* (ellipses in original).)

5    On April 12, 2010, he "timely paid tax $2984[.]51 on [P]rop[erty] #01 (and on other props.)."
6 (*Id.*)  On December 10, 2010, he "timely paid tax $1650[.]14 on [P]rop[erty] #01 (and on other
7 props.)."  (*Id.*)  And on April 8, 2011, he "timely paid tax $2451[.]35 on [P]rop[erty] #01 (and on
8 other props.)."  (*Id.*)  Despite these payments, Defendants Given and Clark and others "maliciously
9 make sure my misery does not end, but the retaliation, injuries, damages [] extended for another
10 decade."  (*Id.* ¶ 12.)  "[D]espite taxes timely PAID, [Defendants] fraudulently label [P]rop[erty] #1
11 'delinquent,' & as before, with [P]rop[erty] #28, they point it to - auction."  (*Id.*)

12   From 2011 to 2013, Defendants "repeatedly demand payments, penalties, interests, fees, on
13 [P]rop[erty] #1.  (*Id.* ¶ 13.)  And from 2012 to 2014, "through extraordinary diligence, many calls,
14 visits, letters, public appeals to/with[] Defendants, County Administrator, the Board/Supes, Grand
15 Jury, et al., I was not even duly heard.  Complete stone-walled systemic corruption.  Contempt of
16 Truth.  Instead, I was exposes to endless disregard, hostilities, deceit, concealment, violence . . ."
17 (*Id.* (ellipses in original)).

18   On or about August 14, 2013, "under more threats of further punishment, I sent by Mail, to
19 [Defendant] Given undue/untrue demanded, fraudulent payment on a bill, [P]rop[erty] #01 that's
20 already been paid." (*Id.*)

21   Finally, on February 12, 2014, Plaintiff filed a government administrative claim, but "[t]he
22 County/Counsel emblematically stone-walled, fraudulently with negligence showed no interest in
23 [it], nor its content, charges, format, in/sufficiency, et al." (*Id.* ¶ 14.)  On the claim form, when
24 asked to provide the "date of injury, damage or loss," Plaintiff wrote that was September 3, 2013 and
25 is continuing. (Request for Judicial Notice ("RJN"), Ex. B, ECF No. 20.[2])  When asked to provide a

26

27    [2] Defendants ask the court to take judicial notice of the following documents: (1) Plaintiff's
28 August 22, 2014 application to proceed *in forma pauperis* in this case; (2) the claim form that
   Plaintiff submitted to the County of Marin on February 12, 2014; (3) the claim form that Plaintiff

ORDER
C 14-03825 LB

1    "general description of injury, damage or loss and circumstance which gave rise to the claim,"
2    Plaintiff wrote: "ethnic discrim., retaliatory discrim., equal protection, oppression, deprivation of
3    rights – color of law, abuse of power, embezzlement, extortion of public property – tax funds,
4    mail/wire fraud, RICO, systemic public corruption, malfeasance, negligent supervision, culture –
5    customs, forger of documents, consortium, IIED, threats to life et al." (*Id.*)  When asked why the
6    County of Marin is responsible for the alleged injury, damage or loss, Plaintiff wrote: "The
7    Board–County is allowing, permitting, sheltering, abetting, accomplicing fraud, extortion,
8    corruption, et al.  Roy Given is County Tax Collector, Treasurer, Finance Dir., Public
9    Administrator." (*Id.*)  And when asked the name or names of the County of Marin employee or

---

submitted to the County of Marin on November 30, 2010; (4) a "Notice of Return of Claim without Action/Rejection of Claim" form dated February 24, 2014; (5) the complaint that Plaintiff filed in the United States District Court for the Northern District of California on June 30, 2011 in *Wyrzykowski v. County of Marin, et al.*, No. C 11-03239 SI; (6) the District Court's January 8, 2012 order dismissing Plaintiff's action in *Wyrzykowski v. County of Marin, et al.*, No. C 11-03239 SI; (7) the Ninth Circuit Court of Appeal's March 12, 2012 order dismissing Plaintiff's appeal of the District Court's January 8, 2012 order; (8) the United States Supreme Court's October 7, 2013 notice that Plaintiff's petition for writ of certiorari is denied; (9) the third amended complaint that Plaintiff filed in Marin County Superior Court on October 9, 2012 in *Wyrzykowski v. County of Marin, et al.*, No. CIV-110-3274; (10) the Marin County Superior Court's July 11, 2014 order on the defendants' motion for judgment on the pleadings; (11) the petition for a writ of mandate that Plaintiff filed with the California Court of Appeal on August 28, 2014; (12) the California Court of Appeal's September 5, 2014 and December 10, 2014 orders denying Plaintiff's petition for a writ of mandate; (13) the Marin County Superior Court's notice that trial will begin on January 9, 2015; (14) plaintiff Keiki Fujita's July 8, 2014 application to proceed *in forma pauperis* in *Fujita v. County of Marin Board of Supervisors, et al.*, No. C14-03093 NC; and (15) Keiki Fujita's October 10, 2014 notice of voluntary dismissal in *Fujita v. County of Marin Board of Supervisors, et al.*, No. C14-03093 NC.  (*See* RJN, Exs. A-O, ECF No. 20.)  They also ask the court to take judicial notice of the Marin County Superior Court's January 30, 2015 order granting judgment in favor of the defendants in *Wyrzykowski v. County of Marin, et al.*, No. CIV-110-3274.  (*See* Second RJN, ECF No. 39, Ex. P, ECF No. 39.)

   The court may take judicial notice of matters of public record.  *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).  Because the documents listed above are public records, the court may take judicial notice of the undisputed facts contained in them.  *See* Fed. R. Evid. 201(b); *Hotel Employees & Rest. Employees Local 2 v. Vista Inn Mgmt. Co.*, 393 F. Supp. 2d 972, 978 (N.D. Cal. 2005); *see also Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 264-67 (2011).  Accordingly, the court takes judicial notice of Exhibits A though O) (numbered 1-15 above) and Exhibit P, which are attached to Defendants' two requests.

ORDER
C 14-03825 LB

4

1 employees who caused the alleged injury, damage or loss, Plaintiff wrote, "Roy Given." (*Id.*)
2 Plaintiff did not provide any factual allegations on the claim form. (*See id.*) On February 22, 2014,
3 the Office of the County Counsel rejected Plaintiff's claim. (First Amended Complaint ¶ 14; RJN,
4 Ex. D, ECF No. 20.)

## II. PLAINTIFF'S PRIOR ACTIONS

According to the documents submitted by Defendants for judicial notice, Plaintiff filed prior actions regarding the taxes owed on his properties since 2002.

On June 30, 2011, Plaintiff filed a complaint in this district against the County of Marin, Michael Smith, Mr. Given, and Ms. Clark in which he made allegations nearly identical to those made here. (RJN, Ex. E, ECF No. 20.) That action primarily concerned his failure to file property taxes on property #28. (*See id.* at ¶ 56, ECF No. 20-2 at 22.) Judge Illston dismissed his action without prejudice and without leave to amend on January 8, 2012. (RJN, Ex. F, ECF No. 20.) Plaintiff unsuccessfully appealed to the Ninth Circuit and the U.S. Supreme Court. (RJN, Exs. G, H, ECF No. 20.)

Also on June 30, 2011, Plaintiff filed a complaint in Marin Count Superior Court against the County of Marin, the Board of Supervisors, Michael Smith, Mr. Given, Ms. Clark, Susan Adams, Judy Arnold, Steve Kinsey, Sandy Laird, Chris Sciocchetti, Katherine Haley, and Dolores Reinhardt. That action, too, primarily concerned his failure to file property taxes on property #28. (*See* RJN, Ex. I, ECF No. 20.) He brought the following 32 claims: (1) assault; (2) battery; (3) intentional infliction of emotional distress; (4) free speech retaliation; (5) ethnic discrimination; (6) violation of his right to association; (7) unconstitutional policy, customs, and procedures; (8) violation of his personal rights; (9) retaliatory discrimination; (10) conspiracy against rights; (11) deprivation of rights under color of law; (12) abuse of power; (13) honest services; (14) fraudulent contract; (15) mail and wire fraud; (16) civil RICO; (17) [none]; (18) fraud; (19) perjury; (20) systematic public corruption; (21) malfeasance in office; (22) official misconduct; (23) negligent supervision; (24) unconstitutional taking; (25) forgery of documents; (26) extortion and embezzlement of funds; (27) violation of the revenue and taxation code; (28) fraudulent concealment; (29) violation of due process; (30) defamation, libel, and slander; (31) violation of

ORDER
C 14-03825 LB
5

equal protection; (32) oppression; and (33) threats and threats to life.[3]  (*See id.*)

The defendants thereafter moved for judgment on the pleadings as to all of Plaintiff's claims except for his 4th and 31st claims. (*See* RJN, Ex. J, ECF No. 20.) On July 11, 2014, the Marin County Superior Court granted the defendants' motion, dismissed without prejudice Plaintiff's 14th claim, and dismissed with prejudice the rest. (*Id.*) Plaintiff did not re-allege his 14th claim. (*See* Second RJN, Ex. P, ECF No. 39.)

On January 9, 2015, the case proceeded to a bench trial on Plaintiff's 4th claim (free speech retaliation) and 31st claim (violation of equal protection). (*See* RJN, Ex. M, ECF No. 20; Second RJN, Ex. P, ECF No. 39.) Plaintiff made an opening statement, but declined to call witnesses, introduce any evidence, or make further statements to the court. (*See* Second RJN, Ex. P, ECF No. 39.) At the close of Plaintiff's case in chief, the defendants moved for judgment under California Code of Civil Procedure 631.8 on the basis that Plaintiff had failed to establish any evidence to support his claims. (*See id.*)  In light of Plaintiff's decision not to introduce evidence, on January 30, 2015, the court found that Plaintiff had not established the required elements of his claims and granted the defendants' motion and entered judgment in their favor. (*Id.*)

## III. PROCEDURAL HISTORY

Plaintiff filed his original complaint in this action on August 22, 2014. (Complaint, ECF No. 1.) He also filed an application to proceed *in forma pauperis*. (IFP Application, ECF No. 3.) On September 18, 2014, the court granted Plaintiff's IFP application and, upon its mandatory review under 28 U.S.C. § 1915(e)(2), dismissed without prejudice Plaintiff's complaint because the court was unable to discern a legally cognizable claim. (9/18/2014 Order, ECF No. 6.) The court gave Plaintiff thirty days from the date of that order in which to file an amended complaint. (*Id.*)

On October 6, 2014—within the thirty-day deadline—Plaintiff filed a motion to extend the time for filing an amended complaint. (Motion to Extend Time, ECF No. 7.) Plaintiff said that he experienced a medical emergency that would prevent him from filing an amended complaint for at

---

[3] Plaintiff brought only 32 claims, but he numbered them as claims 1 through 33. As the court noted above, he failed to bring a 17th claim. The court keeps Plaintiff's numbering, though, because the Marin County Superior Court referred to his claims by his numbers.

least six more months.  (*Id.*)  Plaintiff thus asked the court to allow him at least six more months to do so, essentially staying the case for at least that period of time.  (*Id.*)

On October 21, 2014, while the court was reviewing Plaintiff's motion, Plaintiff filed a First Amended Complaint.  (First Amended Complaint, ECF No. 8.)  It provided additional allegations (which the court recounted above) against Defendants.  (*See id.*)  A few days later, Plaintiff filed a motion for leave to file a Second Amended Complaint.  (Motion for Leave to Amend, ECF No. 9.)

On November 6, 2014, without expressing any opinion about the merit of Plaintiff's claims, the court found that his First Amended Complaint was sufficiently clear to pass the § 1915(e)(2) review.  (11/6/2014 Order, ECF No. 10.)  The court also found good cause to excuse Plaintiff's delay in filing it.  (*Id.*)  Because the court determined that Plaintiff's First Amended Complaint passed the § 1915(e)(2) review, the court did not believe that a Second Amended Complaint was warranted at that time.  (*Id.*)  The court noted, however, that once Defendants were served with the First Amended Complaint and appeared in the action, Plaintiff could make this request again.  (*Id.*)  Accordingly, the court denied  Plaintiff's motions for leave to file a Second Amended Complaint and to extend the time for filing an amended complaint.  (*Id.*)  The court later ordered the United States Marshal's Service to serve the First Amended Complaint on Defendants.  (12/1/2014 Order, ECF No. 14.)

Defendants were served on December 23, 2014, and they filed a motion to dismiss on January 8, 2015.  (Motion to Dismiss, ECF No. 19.)  They argue that Plaintiff's claims all failed on the merits and, alternatively, that the court should abstain from hearing the action under *Colorado River Conservation District v. United States*, 424 U.S. 800 (1976), because of Plaintiff's then-pending action in Marin County Superior Court.  (*Id.*)  Defendants noticed the hearing on the motion for February 19, 2015.  (*Id.*)  Under this District's Civil Local Rules, Plaintiff's opposition to Defendants' motion was due by January 22, 2015.  *See* N.D. Cal. Civ. L.R. 7-3.

Plaintiff did not file an opposition by that day, but on the next day he filed an "Application for Time Ext. to File Opposition to Motion to Dismiss, Stay, Judicial Notice and to Continue First Hearing Exigent Reasons; Illness, Death."  (Application, ECF No. 26.)  In it, Plaintiff asked the court to give him until March 10, 2015 to file an opposition and to continue the hearing on the

1  motion to April 15, 2015 because he suffers from numerous significant medical problems and
2  because his mother recently had passed away and he had to take care of the related matters.  (*Id.*)
3  Defendants opposed Plaintiff's request, not on its merits, but because Plaintiff did not file it until
4  after his opposition was due. (*See* Reply to Application, ECF No. 27.)  On February 13, 2015, the
5  court granted Plaintiff's request.  It ordered Plaintiff to file any opposition to Defendants' motion to
6  dismiss no later than March 10, 2015, ordered Defendants to file any reply by March 17, 2015, and
7  continued the hearing on Defendants' motion from February 19, 2015 to March 26, 2015.
8  (2/13/2015 Order, ECF No. 29.)

On March 6, 2015 (four days before his opposition was due), Plaintiff filed a motion for leave to file a second amended complaint.  (Motion to Amend, ECF No. 33.)  He asked to do to, among other things, "satisfy Defendants['] counsel['s] call for [a] more clear complaint, [and] for Exhibits."  (*Id.* at 1; *see also id.* at 2 (elaborating on this statement).)  He also noted that he stated in his First Amended Complaint that it was "not finished" due to his medical problems.  (*Id.*)

On March 10, 2015, Plaintiff filed an opposition to Defendants' motion to dismiss.  (Opposition, ECF No. 37.)  In it, Plaintiff reiterates his request for leave to file a second amended complaint.  (*Id.* at 1-2.)  He also claims that numerous statements Defendants made in their motion was fraudulent or deceitful.  (*See id.* at 3-15.)  On March 17, 2015, Defendants filed a reply in which they point out that the Marin County Superior Court had entered judgment against Plaintiff on January 30, 2015. Also, they argue that, because Plaintiff's action in Marin County Superior Court concluded, the court should not abstain from hearing the action under Colorado River.  Instead, Defendants argue that all of Plaintiff's claims, with the exception of his claim for loss of consortium, are barred by *res judicata*.  (*Id.*)  Defendants also oppose Plaintiff's requests to file a second amended complaint. (*Id.*; Opposition to Motion to Amend, ECF No. 41.)

## ANALYSIS

### I.  LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A complaint must therefore provide a defendant with "fair notice" of the claims against it and the

1 grounds for relief. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quotation and citation omitted).

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *See Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 557.). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See id*. at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007).

If the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)). But when a party repeatedly fails to cure deficiencies, the court may order dismissal without leave to amend. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim with leave to amend).

## II. DISCUSSION

Upon consideration of the parties' briefs and the procedural posture of this action, the court will dismiss Plaintiff's First Amended Complaint but will allow him to file a second amended complaint.

1  There are several reasons to support this decision.

2  First, Defendants argue that Plaintiff's claims are barred by res judicata now that his action in
3  Marin County Superior Court has concluded. While this may or may not be winning argument, the
4  problem is that Defendants raised it for the first time in their reply brief. This makes sense because
5  Defendants could not have raised until the Marin County Superior Court action had finished, but
6  raising at this time does not allow for Plaintiff, who is proceeding *pro se*, to sufficiently argue
7  against its application here. Before ruling on this argument, the court would prefer a full set of
8  briefing on it.

9  Second, Plaintiff's opposition does not persuasive respond to Defendants' arguments that his
10 claims lack merit. Throughout it, he says that Defendants are acting fraudulently or deceitfully
11 when they argue that he has not sufficiently alleged a claim upon which relief can be granted. It
12 appears that he believes to be so because the court found that his First Amended Complaint was
13 sufficiently clear to pass the § 1915(e)(2) review and thus directed the United States Marshal's
14 Service to serve it on Defendants. That is not the case. Notwithstanding payment of any filing fee
15 or portion thereof, a complaint filed by any person proceeding *in forma pauperis* pursuant to 28
16 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the
17 extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks
18 monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B);
19 *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th
20 Cir. 2000) (en banc). When the court found that Plaintiff's First Amended Complaint passed the §
21 1915(e)(2) review, it explicitly did not express any opinion about the merit of his claims. It is
22 entirely possible for the court to find that his First Amended Complaint pass this review and for
23 Defendants to legitimately and permissibly move to dismiss his claims because they, in Defendants'
24 view, lack merit.

25 To allow both sides an opportunity to fully present their own arguments and respond to the other
26 side's arguments, and to create as clean a record as possible, the court dismisses without prejudice
27 Plaintiff's First Amended Complaint. Plaintiff says that he can better allege his claims in a second
28 amended complaint, and the court will let him try to do so. Defendants say that Plaintiff's claims are

barred by res judicata, and they are free to make this argument again, if appropriate, upon Plaintiff's filing of a second amended complaint. Of course, they may also argue once more that Plaintiff's claims simply lack merit.

## CONCLUSION

Accordingly, the court grants Defendants' motion and dismisses without prejudice Plaintiff's First Amended Complaint. Plaintiff may file a second amended complaint by April 10, 2015. In light of this decision, the court denies as moot Plaintiff's motion for leave to file a second amended complaint.

This order resolves ECF Nos. 19 and 33.

**IT IS SO ORDERED.**

Dated: March 23, 2015

_____
LAUREL BEELER
United States Magistrate Judge