UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| TADEUSZ WYRZYKOWSKI, | No. 3:14-cv-03825-LB |
| Plaintiff, | **ORDER DENYING THE PLAINTIFF'S "REQUEST TO AMEND COMPLAINT"** |
| v. | |
| COUNTY OF MARIN, et al., | [Re: ECF No. 67] |
| Defendants. | |
| _____/ | |

Tadeusz Wyrzykowski, who is proceeding *pro se*, sued ten defendants in his Second Amended Complaint: (1) the County of Marin; (2) the County of Marin Board of Supervisors; (3) County Supervisors; (4) former District 1 Supervisor Susan Adams; (5) current District 5 Supervisor Judy Arnold; (6) current District 4 Supervisor Steven Kinsey; (7) current District 2 Supervisor Katie Rice; (8) current District 3 Supervisor Kathrin Sears; (9) Roy Given; and (10) Liz Clark. (Second Amended Complaint, ECF No. 44.[1]) The court dismissed the County Supervisors because it is duplicative of the County of Marin Board of Supervisors; thus, nine defendants remain. (5/12/2015 Order, ECF No. 52 at 2.) In his Second Amended Complaint, Mr. Wyrzykowski brought the

---

[1] Record citations are to documents in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the tops of the documents.

following eleven claims: (1) violation of his Fourteenth Amendment procedural due process rights (against all defendants except the County of Marin); (2) violation of his Fourteenth Amendment right to equal protection under the law (against the County of Marin and the Board of Supervisors); (3) municipal liability under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978) and *City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989) (against the County of Marin and the Board of Supervisors); (4) supervisory liability under *Monell* (against Ms. Adams, Arnold, Kinsey, Rice, and Sears and Mr. Given); (5) violation of California's Bane Act, Cal. Civ. Code § 52.1 (against all defendants except the County of Marin); (6) "theft of honest services, abuse of power, and color of law" (against all defendants except the County of Marin); (7) fraud (against all defendants); (8) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964, based on predicate crimes of mail and wire fraud (against all defendants); (9) violation of RICO, based on predicate crimes of embezzlement and extortion (against all defendants except the County of Marin); (10) intentional infliction of emotional distress (against all defendants except the County of Marin); and (11) loss of consortium (against all defendants except the County of Marin). (Second Amended Complaint, ECF No. 44, ¶¶ 97-230.)

On June 9, 2015, the court granted the defendants' motion to dismiss Mr. Wyrzykowski's Second Amended Complaint. (6/9/2015 Order, ECF No. 66.) The court dismissed without prejudice his first, second, third, fourth, and fifth claims and dismissed with prejudice his sixth, seventh, eighth, ninth, tenth, and eleventh claims. (*Id.* at 12-23.) The court also gave him leave to amend his first, second, third, fourth, and fifth claims in a third amended complaint filed by August 7, 2015. (*Id.* at 23.)

On June 23, 2015, Mr. Wyrzykowski filed a document titled "Request to Amend Complaint." (Motion, ECF No. 67.) In it, Mr. Wyrzykowski says that he does "not feel that justice has been served" and asks the court to allow him to amend his sixth, seventh, eighth, ninth, tenth, and eleventh claims, too. (*Id.* at 1.) He also says that he wants to name new defendants. (*Id.* at 2, 3.) Despite the title of Mr. Wyrzykowski's document, the court construes it as a motion for leave to file

a motion for reconsideration.[2] The defendants filed an opposition, and Mr. Wyrzykowski filed a reply. (Opposition, ECF No. 68; Reply, ECF No. 69.) For the reasons explained below, the court denies Mr. Wyrzykowski's motion.

A district court can "reconsider" non-final, interlocutory order and judgments pursuant to Federal Rule of Civil Procedure 54(b) and the court's "inherent power rooted firmly in the common law" to "rescind an interlocutory order over which it has jurisdiction." *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 887 (9th Cir. 2001); *see* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.") Under the Northern District of California's Civil Local Rule 7-9(a), which cross-references Rule 54(b), a party must seek permission from the court prior to filing a motion for reconsideration. N.D. Cal. Civ. L.R. 7-9(a). In seeking permission from the court, the moving party must specifically show:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

N.D. Cal. Civ. L.R. 7-9(b).

Even if f the court grants a party leave to file a motion for reconsideration, reconsideration is only appropriate in the "highly unusual circumstances" when (1) the court is presented with newly discovered evidence, (2) the underlying decision was in clear error or manifestly unjust, or (3) there

---

[2] The court does not construe Mr. Wyrzykowski's document as a motion for leave to amend his complaint under Federal Rule of Civil Procedure 15, as the court already granted him leave to file a third amended complaint. The relief he seeks is different: he wants the court to reconsider its decision to dismiss with prejudice his sixth, seventh, eighth, ninth, tenth, and eleventh claims.

is an intervening change in controlling law. *See School Dis. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered." N.D. Cal. Civ. L.R. 7-9(c). "Unless otherwise ordered by the assigned Judge, no response need be filed and no hearing will be held concerning a motion for leave to file a motion to reconsider." N.D. Cal. Civ. L.R. 7-9(d).

Mr. Wyrzykowski does not meet these requirements. He has not shown that (1) as of June 23, 2015—the date he filed his motion for leave to file a motion for reconsideration—a material difference in fact or law existed from that which was presented to the court before it issued its June 9, 2015 order, (2) new material facts or a change of law occurred after June 9, 2015, or (3) there was a manifest failure by the court to consider material facts or dispositive legal arguments which were presented to it before June 9, 2015. Mr. Wyrzykowski argues that the court improperly characterized his allegations as claiming that "the defendants improperly seek taxes from him with respect to a property he owns," but this sentence simply served to describe the action at a high level in the introduction of the court's order. The court then went on to describe Mr. Wyrzykowski's in detail over several pages. The court considered all of Mr. Wyrzykowski's allegations and all of his arguments. By this motion, he is making the same arguments that the court already rejected. This does not allow the court to grant his motion for leave to file a motion for reconsideration.

Mr. Wyrzykowski's motion is denied. In accordance with the court's June 9, 2015 order, he may file a third amended complaint by August 7, 2015 to amend his first, second, third, fourth, and fifth claims. He may not name new defendants in it.

**IT IS SO ORDERED.**

Dated: July 16, 2015

_____
LAUREL BEELER
United States Magistrate Judge