UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| TADEUSZ WYRZYKOWSKI,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF MARIN, et al.,<br><br>Defendants. | Case No. 3:14-cv-03825-LB<br><br>**ORDER DENYING THE PLAINTIFF'S MOTION FOR SANCTIONS**<br><br>[Re: ECF No. 71] |

Tadeusz Wyrzykowski, who is proceeding pro se, sued ten defendants in his Second Amended Complaint: (1) the County of Marin; (2) the County of Marin Board of Supervisors; (3) County Supervisors; (4) former District 1 Supervisor Susan Adams; (5) current District 5 Supervisor Judy Arnold; (6) current District 4 Supervisor Steven Kinsey; (7) current District 2 Supervisor Katie Rice; (8) current District 3 Supervisor Kathrin Sears; (9) Roy Given; and (10) Liz Clark. (Second Amended Complaint, ECF No. 44.) The court dismissed the County Supervisors because it is duplicative of the County of Marin Board of Supervisors; thus, nine defendants remained. (5/12/2015 Order, ECF No. 52 at 2.) In his Second Amended Complaint, Mr. Wyrzykowski brought the following eleven claims: (1) violation of his Fourteenth Amendment procedural due process rights (against all defendants except the County of Marin); (2) violation of his Fourteenth Amendment right to equal protection under the law (against the County of Marin and the Board of Supervisors); (3) municipal liability under *Monell v. Dep't of Soc. Servs. of City of New York*, 436

ORDER (No. 3:14-cv-03825-LB)

1  U.S. 658 (1978) and *City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989) (against the County of
2  Marin and the Board of Supervisors); (4) supervisory liability under *Monell* (against Ms. Adams,
3  Arnold, Kinsey, Rice, and Sears and Mr. Given); (5) violation of California's Bane Act, Cal. Civ.
4  Code § 52.1 (against all defendants except the County of Marin); (6) "theft of honest services,
5  abuse of power, and color of law" (against all defendants except the County of Marin); (7) fraud
6  (against all defendants); (8) violation of the Racketeer Influenced and Corrupt Organizations Act
7  ("RICO"), 18 U.S.C. § 1964, based on predicate crimes of mail and wire fraud (against all
8  defendants); (9) violation of RICO, based on predicate crimes of embezzlement and extortion
9  (against all defendants except the County of Marin); (10) intentional infliction of emotional
10 distress (against all defendants except the County of Marin); and (11) loss of consortium (against
11 all defendants except the County of Marin). (Second Amended Complaint, ECF No. 44, ¶¶ 97-
12 230.)

On June 9, 2015, the court granted the defendants' motion to dismiss Mr. Wyrzykowski's Second Amended Complaint. (6/9/2015 Order, ECF No. 66.) The court dismissed without prejudice his first, second, third, fourth, and fifth claims and dismissed with prejudice his sixth, seventh, eighth, ninth, tenth, and eleventh claims. (*Id.* at 12-23.) The court also gave him leave to amend his first, second, third, fourth, and fifth claims in a third amended complaint filed by August 7, 2015. (*Id.* at 23.)

On June 23, 2015, Mr. Wyrzykowski filed a document titled "Request to Amend Complaint." (Motion for Reconsideration, ECF No. 67.) In it, Mr. Wyrzykowski said that he did "not feel that justice has been served" and asked the court to allow him to amend his sixth, seventh, eighth, ninth, tenth, and eleventh claims, too. (*Id.* at 1.) He also said he wanted to name new defendants. (*Id.* at 2, 3.) The court treated his filing as a motion for leave to file a motion for reconsideration and denied it on July 16, 2015. (7/16/2015 Order, ECF No. 70.) In its order, the court reiterated that Mr. Wyrzykowski may file a third amended complaint by August 7, 2015 to amend his first, second, third, fourth, and fifth claims but that he may not name new defendants in it. (*Id.* at 4.)

Mr. Wyrzykowski did not file a third amended complaint. Instead, on August 6, 2015, he filed a motion asking the court to sanction the defendants' counsel under Federal Rule of Civil

ORDER (No. 3:14-cv-03825-LB)                                                                                             2

1   Procedure 11 and to enter the defendants' default. (Motion for Sanctions, ECF No. 71.) Rule 11

2   provides in pertinent part:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.
>
> (c) Sanctions.
>
> (1) In General. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.
>
> . . . .

   In applying this rule, the Ninth Circuit "has identified two circumstances in which sanctions [under Rule 11] are appropriate: [(1)] where a litigant makes a 'frivolous filing,' that is, where he files a pleading or other paper which no competent attorney could believe was well grounded in fact and warranted by law; and [(2)] where a litigant files a pleading or other paper for an 'improper purpose,' such as personal or economic harassment." *Greenberg v. Sala*, 822 F.2d 882, 885 (9th Cir. 1987) (citing *Golden Eagle Distributing Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1538 (9th Cir. 1986) and *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 830-32 (9th Cir. 1986)); *see Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990).

   The defendants' counsel has done neither. As he did in his complaints and in his opposition to the defendants' motion to dismiss, Mr. Wyrzykowski argues that the defendants' counsel has

ORDER (No. 3:14-cv-03825-LB)

3

committed a fraud upon the court, and he says that the court wrongly dismissed his Second Amended Complaint as a result. (*See generally* Motion for Sanctions, ECF No. 71.) Mr. Wyrzykowski essentially objects to the defendants' characterization of his case and their legal arguments. But as the defendants' point out in their opposition, a disagreement of this sort does not support sanctions under Rule 11. The defendants' counsel has not made any frivolous filings— in fact, the court granted the defendants' motion to dismiss—nor has she filed any documents for an improper purpose. The court denies Mr. Wyrzykowski's motion.

**IT IS SO ORDERED.**

Dated: September 1, 2015

_____
LAUREL BEELER
United States Magistrate Judge

ORDER (No. 3:14-cv-03825-LB)

4