UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| TADEUSZ WYRZYKOWSKI,<br><br>  Plaintiff,<br><br>   v.<br><br>COUNTY OF MARIN, et al.,<br><br>  Defendants. | Case No. 3:14-cv-03825-LB<br><br>**ORDER DENYING THE PLAINTIFF'S MOTIONS FILED ON SEPTEMBER 15, 2015 AND SEPTEMBER 16, 2015 AND DISMISSING THE ACTION WITH PREJUDICE**<br><br>[Re: ECF No. 80, 81, 82] |

On September 15, 2015, Mr. Wyrzykowski filed a motion asking the court to order the defendants' counsel to show cause why she should not be sanctioned or held in contempt of court. (Motion for OSC, ECF No. 80.) On September 16, 2015, Mr. Wyrzykowski filed two more motions, namely a motion asking the court to reconsider its September 1, 2015 order denying his August 6, 2015 motion for sanctions, and a motion for the undersigned's recusal as the presiding judge of this action. (Motion for Reconsideration, ECF No. 81; Motion for Recusal, ECF No. 82.) The court denies all three motion for the reasons stated below and also dismisses this action with prejudice because Mr. Wyrzykowski has failed to timely file a third amended complaint by the (extended) deadline for doing so.

**I.  MOTION FOR AN ORDER TO SHOW CAUSE REGARDING SANCTIONS**

Mr. Wyrzykowski asks the court to order the defendants' counsel to show cause why she should not be sanctioned for making false statements, lying, deceiving, and twisting facts in her

ORDER (No. 3:14-cv-03825-LB)

August 20, 2015 opposition to Mr. Wyrzykowski's August 6, 2015 motion for sanctions, which the court denied on September 1, 2015. (Motion for OSC, ECF No. 80; *see also* Motion for Sanctions, ECF No. 71; Opposition to Motion for Sanctions, ECF No. 72; Order Denying Motion for Sanctions, ECF No. 75.) There is no basis to sanction the defendants' counsel. She did not make false statements in her opposition. There also is no basis for holding her in contempt of court. She did not disobey any court orders. The court denies Mr. Wyrzykowski's motion for an order to show cause.

## II. MOTION FOR RECONSIDERATION

Mr. Wyrzykowski asks the court to reconsider its September 1, 2015 order denying his August 6, 2015 motion for sanctions. (Motion for Reconsideration, ECF No. 81.) As the court explained in its July 16, 2015 denying Mr. Wyrzykowski's June 23, 2015 "Request to Amend Complaint," which the court construed as a motion for leave to file a motion for reconsideration:

> A district court can "reconsider" non-final, interlocutory order and judgments pursuant to Federal Rule of Civil Procedure 54(b) and the court's "inherent power rooted firmly in the common law" to "rescind an interlocutory order over which it has jurisdiction." *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 887 (9th Cir. 2001); *see* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.") Under the Northern District of California's Civil Local Rule 7-9(a), which cross-references Rule 54(b), a party must seek permission from the court prior to filing a motion for reconsideration. N.D. Cal. Civ. L.R. 7-9(a). In seeking permission from the court, the moving party must specifically show:
>
> > (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
> >
> > (2) The emergence of new material facts or a change of law occurring after the time of such order; or
> >
> > (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.   N.D. Cal. Civ. L.R. 7-9(b).
>
> Even if f the court grants a party leave to file a motion for reconsideration, reconsideration is only appropriate in the "highly unusual circumstances" when (1) the court is presented with newly discovered evidence, (2) the underlying decision

ORDER (No. 3:14-cv-03825-LB)

2

> was in clear error or manifestly unjust, or (3) there is an intervening change in controlling law. *See School Dis. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered." N.D. Cal. Civ. L.R. 7-9(c). "Unless otherwise ordered by the assigned Judge, no response need be filed and no hearing will be held concerning a motion for leave to file a motion to reconsider." N.D. Cal. Civ. L.R. 7-9(d).

(Order Denying Request to Amend Complaint, ECF No. 70 at 3-4.)

Mr. Wyrzykowski does not meet these requirements. In his motion, Mr. Wyrzykowski says that the court failed to consider "uncontroverted facts" that, in his view, "on their face show" that the defendants' opposition to his motion for sanctions is an "article of fraud." (Motion for Reconsideration, ECF No. 81 at 1.) He also says that the court manifestly failed to consider "22 exhibits" of "hard evidence that prove [the defendants' counsel['s] lies, deceit, false characeriz. [sic] of facts" and which were attached to his reply in support of his motion for sanctions. (*Id.*; *see also* Reply in Support of Motion for Sanctions, ECF No. 73.) The court fully considered Mr. Wyrzykowski's motion for sanctions, reply in support of his motion for sanctions, and the documents attached to them, when making its decision, just as it previously considered his opposition to the defendants' motion to dismiss, and the documents attached to it, when deciding that motion. As stated above, the defendants' counsel did not make false statements in her opposition to Mr. Wyrzykowski's motion for sanctions. The 22 exhibits do not show otherwise. The fact is that Mr. Wyrzykowski has a version of what happened, and so do the defendants. That Mr. Wyrzykowski disagrees with the defendants' counsel articulation of the defendants' version does not mean that she made false statements. She didn't. The court denies Mr. Wyrzykowski's motion for reconsideration.

## III. MOTION FOR RECUSAL

Mr. Wyrzykowski also filed a motion for the undersigned's recusal as the presiding judge of this action. (Motion for Recusal, ECF No. 82.)

Two statutes, 28 U.S.C. §§ 455 and 144, govern disqualification of judges. *See also* Judicial Code of Conduct for Judges § 3(c). Though they establish different procedures for enforcement, substantively, the statutes are complimentary. *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980). Section 455(a) provides, "Any justice, judge, or magistrate judge of the United States shall

ORDER (No. 3:14-cv-03825-LB)

3

disqualify himself in any proceeding in which his impartiality might reasonably be questioned." It then lists a series of circumstances in which a justice, judge, or magistrate judge must recuse himself or herself, including "where [the justice, judge, or magistrate judge] has a personal bias or prejudice concerning a party . . . ." *Id.* § 455(b)(1). Section § 144 also mandates recusal when "the judge before whom the matter is pending has a personal bias or prejudice either against [the moving party] or in favor of any adverse party."

"Under both recusal statutes," however, "the substantive standard is [w]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008) (internal quotation marks omitted); *see also Sibla*, 624 F.2d at 867 ("The test for personal bias or prejudice in section 144 is identical to that in section 455(b)(1), and the decisions interpreting this language in section 144 are controlling in the interpretation of section 455(b)(1)."). "[A] 'reasonable person' is not someone who is 'hyper-sensitive or unduly suspicious,' but rather is a 'well-informed, thoughtful observer.'" *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) (quoting *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993)).

If the court decides that the moving party submitted a timely, legally sufficient affidavit stating the facts and the reasons for the belief that bias or prejudice exists, the court must refer the motion to another judge for determination. 28 U.S.C. § 144; *Sibla*, 624 F.2d at 867. To be legally sufficient, an affidavit must:

> state facts which if true fairly support the allegation that bias or prejudice stemming from (1) an extrajudicial source (2) may prevent a fair decision on the merits. The focus is not only on the source of the facts and their distorting effect on a decision on the merits, . . . but also on (3) the substantiality of the support given by these facts to the allegation of bias . . . .

*United States v. Azhocar*, 581 F.2d 735, 739-40 (9th Cir. 1978). To the extent that a moving party seeks to disqualify a judge based on events that occur during the course of litigation, the party must demonstrate that the judge either (1) relied on knowledge acquired outside of the proceedings or (2) "displayed deep-seated and unequivocal antagonism that would render fair judgment impossible." *See Liteky v. United States*, 510 U.S. 540, 556 (1994). "[J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion." *Id.* at 555.

ORDER (No. 3:14-cv-03825-LB)

4

The court notes that Mr. Wyrzykowski signed his motion for recusal under penalty of perjury, so the court considers it as an affidavit for purposes of 28 U.S.C. § 144. (Motion for Recusal, ECF No. 82 at 9.) Even so, it is not legally sufficient. Throughout the affidavit, Mr. Wyrzykowski accuses the undersigned of making grossly negligent rulings that are contrary to law. (*See*, *e.g.*, *id.* at 3 ("In this case, judge Beeler in her actions, rulings as a pattern, actively acted against the Laws, Codes, Supreme Court's rulings, policy, practice . . ."; "the causes [for recusal] are hard evidenced on the face of judge Beeler's rulings, orders . . ."), 4 (the undersigned "made her baseless, unjust rulings, [and] orders" "with gross negligence," "without fact checking, without fact finding, [and] without even acknowledging my repeated warnings" about the defendants' counsel's "fraudulent, offensive papers"), 5 ("Judge Beeler made rulings, with gross negligence, based on deceit, false, stmts."), 6 ("Judge Beeler acted with negligence, prejudice, actively concealed my evidence."), 7 ("Judge Beeler repeatedly abused her discretion" by "fail[ing] to consider . . . my documents, evidence, arguments, motions . . ."; the undersigned "repeatedly acted in her rulings and orders against any reasonableness, fairness and against the fact, merit, evidence").) He also accuses the undersigned of assisting the defendants' counsel to defraud the court. (*See id.* at 5, 6.)

Mr. Wyrzykowski's accusations regarding the undersigned's rulings and actions during the course of this litigation do not justify recusal. The gist of his motion is that the undersigned has consistently sided with the defendants and ignored his arguments and evidence. He does not offer any facts that demonstrate that the undersigned's rulings are informed by knowledge acquired outside of the proceedings or display "deep-seated and unequivocal antagonism that would render fair judgment impossible." *Liteky*, 510 U.S. at 556. The proper avenue for challenging the court's rulings is appeal, not recusal. *Id.* at 555. Because a reasonable person would not reasonably question the impartiality of the undersigned, Mr. Wyrzykowski's motion for recusal is denied.

## IV. THE COURT DISMISSES THIS ACTION WITH PREJUDICE

On June 9, 2015, the court granted the defendants' motion to dismiss Mr. Wyrzykowski's Second Amended Complaint. (Order Granting Motion to Dismiss, ECF No. 66.) The court dismissed without prejudice his first, second, third, fourth, and fifth claims and dismissed with prejudice his sixth, seventh, eighth, ninth, tenth, and eleventh claims. (*Id.* at 12-23.) The court also

ORDER (No. 3:14-cv-03825-LB)                                                                 5

1  gave him leave to amend his first, second, third, fourth, and fifth claims in a third amended

2  complaint filed by August 7, 2015, nearly two months later. (*Id.* at 23.)

3  On July 16, 2015, the court denied Mr. Wyrzykowski's motion for reconsideration and once

4  again made clear that Mr. Wyrzykowski may file a third amended complaint by August 7, 2015 to

5  amend his first, second, third, fourth, and fifth claims but that he may not name new defendants in

6  it. (Order Denying Request to Amend Complaint, ECF No. 70.)

7  Mr. Wyrzykowski did not file a third amended complaint by August 7, 2015. Because Mr.

8  Wyrzykowski is proceeding pre se, and in light of his motion for sanctions filed on August 6,

9  2015, by order dated September 1, 2015 the court sua sponte extended the deadline for Mr.

10  Wyrzykowski to file a third amended complaint to September 16, 2015, which was more than

11  three months from the date the court dismissed his Second Amended Complaint. (Order Extending

12  Deadline to File Third Amended Complaint, ECF No. 76.) The court warned Mr. Wyrzykowski

13  that if he failed to file a third amended complaint by that date, the court may dismiss his action for

14  failure to prosecute. (*Id.* (citing Fed. R. Civ. P. 41(b).)

15  On September 8, 2015, Mr. Wyrzykowski filed a motion asking the court to give him an

16  additional 60 days to file his third amended complaint. (Motion for Extension of Time, ECF No.

17  77.) On September 10, 2015, the court denied Mr. Wyrzykowski's motion for lack of good cause.

18  (Order Denying Motion for Extension of Time, ECF No. 79.) The court reiterated that the deadline

19  for filing a third amended complaint was September 16, 2015. (*Id.*)

20  On September 15, 2015 and September 16, 2015, Mr. Wyrzykowski filed the three motions

21  addressed by the other, but he did not file a third amended complaint. And as of September 25,

22  2015 (the date of this order), he still has not.

23  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an

24  action. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992). In determining whether to

25  dismiss a claim for failure to prosecute or failure to comply with a court order, the court weighs

26  the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's

27  need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability

28  of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

ORDER (No. 3:14-cv-03825-LB)

6

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik*, 963 F.2d at 1260-61); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). These factors are a guide and "are 'not a series of conditions precedent before the judge can do anything.'" *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting V*alley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)). Dismissal is appropriate "where at least four factors support dismissal, . . . . or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (quoting *Ferdik*, 963 F.2d at 1263).

Here, four factors favor support dismissal. Mr. Wyrzykowski has had over three months to file a third amended complaint, but he has not done so, despite the court clearly stating the deadline, extending it once on its own, and warning him that his case could be dismissed if he did not file a third amended complaint by the deadline. His failure is contrary to the public's interest in expeditious resolution of litigation and the court's need to manage its docket. As for the defendants, they are prejudiced by Mr. Wyrzykowski's continual failure to meet his deadlines, and they are not prejudiced by the dismissal of this action. And while public policy favors disposing of cases on their merits, at this point, the court does not believe less drastic alternatives would be successful.

In sum, the court concludes that four of the five relevant factors weigh in favor of dismissal. Accordingly, the court dismisses this action with prejudice. The Clerk of the Court shall close the file.

**IT IS SO ORDERED.**

Dated: September 25, 2015

_____
LAUREL BEELER
United States Magistrate Judge

ORDER (No. 3:14-cv-03825-LB)

7