1

2

3

4

5

6

7

8             UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10                  San Francisco Division

11

|  |  |
|---|---|
| 12   TADEUSZ WYRZYKOWSKI, | Case No. 3:14-cv-03825-LB |
| 13                Plaintiff, | **ORDER REGARDING THE** |
|      v. | **PLAINTIFF'S OBJECTION FILED ON** |
| 14 | **OCTOBER 5, 2015** |
| 15   COUNTY OF MARIN, et al., | [Re: ECF No. 84] |
| 16                Defendants. | |

17      On October 5, 2015, the plaintiff Tadeusz Wyrzykowski, who is proceeding pro se, filed a

18 document entitled "Objection to Proceed Before Recused Ms. Laurel Beeler. Demand to Consider

19 the Deceit in Ms. Beeler's 'Order' 9-25-2015. 'Order' 9-25-15 Void under the Law." (Objection,

20 ECF No. 84; *see also* Memorandum in Support of Objection, ECF No. 85.[1]) Mr. Wyrzykowski is

21 referring to the undersigned's September 25, 2015 order in which the undersigned (1) denied his

22 motion asking the court to order the defendants' counsel to show cause why she should not be

23 sanctioned or held in contempt of court, (2) denied his motion asking the court to reconsider its

24 September 1, 2015 order denying his August 6, 2015 motion for sanctions, (3) denied his motion

25 for the undersigned's recusal as the presiding judge of this action, and (4) dismissed his action

26 with prejudice because he failed to timely prosecute it. (9/25/2015 Order, ECF No. 83.) In his

27 _____

28 [1] Record citations are to documents in the Electronic Case File ("ECF"); pinpoint citations are to
the ECF-generated page numbers at the tops of the documents.

ORDER (No. 3:14-cv-03825-LB)

1    objection, Mr. Wyrzykowski argues that the undersigned's denial of his motion for recusal was in

2    error and, because the undersigned should have recused herself, the September 25, 2015 order is

3    void. (*See generally* Objection, ECF No. 84.)

4        Mr. Wyrzykowski does not cite to any legal authority that allows him to file an objection to

5    the court's September 25, 2015 order. (*See generally* Objection, ECF No. 84; Memorandum in

6    Support of Objection, ECF No. 85.) Nevertheless, the court liberally construes his objection as a

7    motion for reconsideration.

8        As the court explained earlier in this action:

9        A district court can "reconsider <u>non-final, interlocutory orders and judgments</u>
10       pursuant to Federal Rule of Civil Procedure 54(b) and the court's "inherent power
         rooted firmly in the common law" to "rescind an interlocutory order over which it
         has jurisdiction." *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882,
11       887 (9th Cir. 2001); *see* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision,
         however designated, that adjudicates fewer than all the claims or the rights and
12       liabilities of fewer than all the parties does not end the action as to any of the claims
         or parties and may be revised at any time before the entry of a judgment
13       adjudicating all the claims and all the parties' rights and liabilities.") Under the
         Northern District of California's Civil Local Rule 7-9(a), which cross-references
14       Rule 54(b), a party must seek permission from the court prior to filing a motion for
         reconsideration. N.D. Cal. Civ. L.R. 7-9(a). In seeking permission from the court,
15       the moving party must specifically show:

16           (1)  That at the time of the motion for leave, a material difference in fact or
             law exists from that which was presented to the Court before entry of the
17           interlocutory order for which reconsideration is sought. The party also must
             show that in the exercise of reasonable diligence the party applying for
18           reconsideration did not know such fact or law at the time of the interlocutory
             order; or

19
             (2)  The emergence of new material facts or a change of law occurring after
20           the time of such order; or

21           (3)  A manifest failure by the Court to consider material facts or dispositive
             legal arguments which were presented to the Court before such interlocutory
22           order. N.D. Cal. Civ. L.R. 7-9(b).

23       Even if the court grants a party leave to file a motion for reconsideration,
         reconsideration is only appropriate in the "highly unusual circumstances" when (1)
24       the court is presented with newly discovered evidence, (2) the underlying decision
         was in clear error or manifestly unjust, or (3) there is an intervening change in
25       controlling law. *See School Dis. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5
         F.3d 1255, 1263 (9th Cir. 1993). "No motion for leave to file a motion for
26       reconsideration may repeat any oral or written argument made by the applying party
         in support of or in opposition to the interlocutory order which the party now seeks
27       to have reconsidered." N.D. Cal. Civ. L.R. 7-9(c). "Unless otherwise ordered by the
         assigned Judge, no response need be filed and no hearing will be held concerning a
28       motion for leave to file a motion to reconsider." N.D. Cal. Civ. L.R. 7-9(d).

United States District Court
Northern District of California

1    (Order Denying Request to Amend Complaint, ECF No. 70 at 3-4 (emphasis added); *see also*

2    9/25/2015 Order, ECF No. 83 at 2-3.)

3        Similarly, a motion to reconsider a <u>final, appealable order</u> is appropriately brought under either

4    Federal Rule of Civil Procedure 59(e) or 60(b). *See Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442

5    (9th Cir. 1991). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests

6    of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d

7    877, 890 (9th Cir. 2000); *see also Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).

8    Motions for reconsideration should not be frequently made or freely granted. *Twentieth Century–*

9    *Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1980).

10        Rule 59(e) allows a party to seek an order altering or amending a judgment. "Rule 59(e)

11    amendments are appropriate if the district court '(1) is presented with newly discovered evidence,

12    (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an

13    intervening change in controlling law.'" *Dixon v. Wallowa Cnty.*, 336 F.3d 1013, 1022 (9th Cir.

14    2003) (quoting *School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.

15    1993)).

16        And under Rule 60(b),

17        the court may relieve a party. . . from a final judgment, order, or proceeding for the
         following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2)
18        newly discovered evidence that, with reasonable diligence, could not have been
         discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . ,
19        misrepresentation, or misconduct by an opposing party; (4) the judgment is void;
         (5) the judgment has been satisfied, released, or discharged; it is based on an earlier
20        judgment that has been reversed or vacated; or applying it prospectively is no
         longer equitable; or (6) any other reason that justifies relief.
21

22    Fed. R. Civ. P. 60(b).

23        Generally speaking, though, a motion for reconsideration "may not be used to relitigate old

24    matters, or to raise arguments or present evidence that could have been raised prior to the entry of

25    judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (referring to Rule 59(e));

26    *see also Casey v. Albertson's Inc.*, 362 F.3d 1254, 1259–61 (9th Cir. 2004) (referring to Rule

27    60(b)); *Kona Enters.*, 229 F.3d at 890 (interpreting Rule 59(e)). The sole exception is when the

28    court has committed "clear" or "manifest" error. Mere disagreement with a court's order, however,

United States District Court
Northern District of California

ORDER (No. 3:14-cv-03825-LB)

3

1    does not provide a basis for reconsideration. *See McDowell v. Calderon*, 197 F.3d 1253, 1256 (9th

2    Cir. 1999).

3         Mr. Wyrzykowski's objection does not satisfy the criteria under any of these standards. There

4    has been no intervening change in the law, and Mr. Wyrzykowski presents no new facts or newly

5    discovered evidence. The court previously rejected Mr. Wyrzykowski's argument that his

6    opposing counsel committed fraud, misrepresented anything, or engaged in misconduct when the

7    court refused to sanction her. (9/25/2015 Order, ECF No. 1-2.) Mr. Wyrzykowski's objection

8    instead rests upon his belief that the court applied the law regarding recusal wrong and thus its

9    decision constitutes clear or manifest error. The court disagrees, and the court is not persuaded

10   otherwise by the arguments he makes in his objection. Accordingly, the court denies Mr.

11   Wyrzykowski's motion for reconsideration. This matter remains closed.

12        Mr. Wyrzykowski has filed a notice of appeal (*see* Notice of Appeal, ECF No. 86); he must

13   now raise any objections to the undersigned's September 25, 2015 order on appeal.

14        **IT IS SO ORDERED.**

15   Dated: October 28, 2015

16

17                                                    _____
                                                      LAUREL BEELER
18                                                    United States Magistrate Judge

19

20

21

22

23

24

25

26

27

28

ORDER (No. 3:14-cv-03825-LB)

4