United States District Court
Northern District of California

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| TADEUSZ WYRZYKOWSKI,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF MARIN, et al.,<br><br>Defendants. | D.C. Case No. 3:14-cv-03825-LB<br>Court of Appeals Case No. 15-17163<br><br>**ORDER REVOKING THE PLAINTIFF'S IN FORMA PAUPERIS STATUS ON APPEAL** |
|---|---|

On August 22, 2014, the plaintiff Tadeusz Wyrzykowski, who is proceeding *pro se*, sued numerous defendants associated with the County of Marin. (*See* Complaint, ECF No. 1.) The court granted his application to proceed *in forma pauperis*. (9/18/2014 Order, ECF No. 6.)

On June 9, 2015, the court granted the defendants' motion to dismiss Mr. Wyrzykowski's Second Amended Complaint. (Order Granting Motion to Dismiss, ECF No. 66.) The court dismissed without prejudice his first, second, third, fourth, and fifth claims and dismissed with prejudice his sixth, seventh, eighth, ninth, tenth, and eleventh claims. (*Id.* at 12-23.) The court also gave him leave to amend his first, second, third, fourth, and fifth claims in a third amended complaint filed by August 7, 2015, nearly two months later. (*Id.* at 23.)

On July 16, 2015, the court denied Mr. Wyrzykowski's motion for reconsideration and once again made clear that Mr. Wyrzykowski may file a third amended complaint by August 7, 2015 to amend his first, second, third, fourth, and fifth claims but that he may not name new defendants in

ORDER (No. 3:14-cv-03825-LB)

1    it. (Order Denying Request to Amend Complaint, ECF No. 70.)

2    On August 6, 2015, Mr. Wyrzykowski filed a motion asking the court to sanction the
3    defendants' counsel under Federal Rule of Civil Procedure 11 and to enter the defendants' default.
4    (Motion for Sanctions, ECF No. 71.)

5    Mr. Wyrzykowski did not file a third amended complaint by August 7, 2015. Because Mr.
6    Wyrzykowski is proceeding pre se, and in light of his motion for sanctions, by order dated
7    September 1, 2015 the court *sua sponte* extended the deadline for Mr. Wyrzykowski to file a third
8    amended complaint to September 16, 2015, which was more than three months from the date the
9    court dismissed his Second Amended Complaint. (Order Extending Deadline to File Third
10   Amended Complaint, ECF No. 76.) The court warned Mr. Wyrzykowski that if he failed to file a
11   third amended complaint by that date, the court may dismiss his action for failure to prosecute. (*Id.*
12   (citing Fed. R. Civ. P. 41(b).)

13   On September 8, 2015, Mr. Wyrzykowski filed a motion asking the court to give him an
14   additional 60 days to file his third amended complaint. (Motion for Extension of Time, ECF No.
15   77.) On September 10, 2015, the court denied Mr. Wyrzykowski's motion for lack of good cause.
16   (Order Denying Motion for Extension of Time, ECF No. 79.) The court reiterated that the deadline
17   for filing a third amended complaint was September 16, 2015. (*Id.*)

18   On September 15, 2015, Mr. Wyrzykowski filed a motion asking the court to order the
19   defendants' counsel to show cause why she should not be sanctioned or held in contempt of court.
20   (Motion for OSC, ECF No. 80.) On September 16, 2015, Mr. Wyrzykowski filed two more
21   motions, namely a motion asking the court to reconsider its September 1, 2015 order denying his
22   August 6, 2015 motion for sanctions, and a motion for the undersigned's recusal as the presiding
23   judge of this action. (Motion for Reconsideration, ECF No. 81; Motion for Recusal, ECF No. 82.)
24   Mr. Wyrzykowski did not file a third amended complaint by September 16, 2015.

25   On September 25, 2015, the court issued an order that (1) denied Mr. Wyrzykowski's motion
26   asking the court to order the defendants' counsel to show cause why she should not be sanctioned
27   or held in contempt of court, (2) denied his motion asking the court to reconsider its September 1,
28   2015 order denying his August 6, 2015 motion for sanctions, (3) denied his motion for the

ORDER (No. 3:14-cv-03825-LB)

2

undersigned's recusal as the presiding judge of this action, and (4) dismissed his action with prejudice because he failed to timely prosecute it. (9/25/2015 Order, ECF No. 83.)

On October 5, 2015, Mr. Wyrzykowski filed a document entitled "Objection to Proceed Before Recused Ms. Laurel Beeler. Demand to Consider the Deceit in Ms. Beeler's 'Order' 9-25-2015. 'Order' 9-25-15 Void under the Law." (Objection, ECF No. 84; *see also* Memorandum in Support of Objection, ECF No. 85.) The court construed Mr. Wyrzykowski's objection as a motion for reconsideration of the court's September 25, 2015 order and concluded that Mr. Wyrzykowski did not satisfy the criteria to support reconsideration. (10/28/2015 Order, ECF No. 87.)

Mr. Wyrzykowski filed a notice of appeal on October 26, 2015. (Notice of Appeal, ECF No. 86.) On October 30, 2015, the Court of Appeals referred the matter to this court for the purpose of determining whether Mr. Wyrzykowski's *in forma pauperis* status should continue for the appeal.

"An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). This section is generally construed to mean that an appeal must not be frivolous. *See*, *e.g.*, *Coppedge v. United States*, 369 U.S. 438, 445 (1962) (holding that the term "'good faith' . . . must be judged by an objective standard" and is demonstrated when appellant seeks review "of any issue not frivolous"); *Ellis v. United States*, 356 U.S. 674, 674 (1958) (noting that "[i]n the absence of some evident improper motive, the applicant's good faith is established by the presentation of any issue that is not plainly frivolous"); *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (stating that "[i]f at least one issue or claim is found to be non-frivolous, leave to proceed in forma pauperis on appeal must be granted for the case as a whole"). An issue is frivolous if it has "no arguable basis in fact or law." *See O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984)).

The court finds that Mr. Wyrzykowski's appeal is frivolous. To the extent that he appeals the court's denial of his motion for recusal, the court already determined that he did not offer any facts that demonstrate that the undersigned's rulings are informed by knowledge acquired outside of the proceedings or display deep-seated and unequivocal antagonism that would render fair judgment

ORDER (No. 3:14-cv-03825-LB)

3

impossible. (9/25/2015 Order, ECF No. 83 at 5.) On reconsideration, the court also determined that he failed to show that there had been an intervening change in the law, that he presented no new facts or newly discovered evidence, and that his argument that the court committed clear and manifest error were not persuasive. (10/28/2015 Order, ECF No. 87 at 4.) To the extent that he appeals the court's dismissal of his action for his failure to prosecute it, the court gave him multiple opportunities to file a third amended complaint, extended the deadline to do so, and he still failed to file one.

Accordingly, the court revokes Mr. Wyrzykowski's *in forma pauperis* status for purposes of his appeal. The Clerk shall forthwith notify Mr. Wyrzykowski and the Court of Appeals of this order. *See* Fed. R. App. P. 24(a)(4). Mr. Wyrzykowski may file a motion for leave to proceed in forma pauperis on appeal in the Court of Appeals within thirty days after service of this order. *See* Fed. R. App. P. 24(a)(5). Any such motion "must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action." *Id.*

**IT IS SO ORDERED.**

Dated: October 30, 2015

_____
LAUREL BEELER
United States Magistrate Judge

ORDER (No. 3:14-cv-03825-LB)

4